| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) - THIRD-PARTY DEFENDANTS' MOTIONS TO DISMISS (Dkts. [ 380 ], [381 ], [ 382 ], filed on December 20, 2018)

## I. INTRODUCTION AND BACKGROUND

Before the Court are three motions to dismiss the operative amended third-party complaint, filed by Graybox, LLC. ("Graybox"), David Bergstein ("Bergstein"), and Eugene Scher, as trustee of the Bergstein Trust ("Scher"), on November 15, 2018. Dkt. 375.

This action was commenced on August 28, 2015, when plaintiff the Wimbledon Fund, SPC (Class TT) ("Wimbledon") filed suit against defendants Graybox, Integrated Administration ("IA"), Scher, Cascade Technologies, Corp. ("Cascade"), and the Law Offices of Henry N. Jannol, P.C. ("Jannol"). Dkt. 1 ("Compl."). In brief, the complaint alleged that Wimbledon was the victim of a fraudulent investment scheme involving an investment advisory company named Swartz IP Services Group ("SIP"). See generally id. Wimbledon alleged that in November and December 2011, it invested $17.7 million dollars in SIP pursuant to a note purchase agreement ("NPA"), but that SIP subsequently caused the proceeds of this investment to be transferred to various related third parties, including defendants. Id. ¶¶ 16–29. Wimbledon claimed that these transfers violated the terms of the NPA and constituted fraudulent transfers in violation of the California Uniform Voidable Transfer Act ("CUVTA"). See id. Accordingly, Wimbledon asserted claims against defendants for avoidance and recovery of fraudulent transfers under California Civil Code §§ 3439.04, 3439.05, and 3439.07. Id. ¶¶ 34–94.

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

 The Court consolidated the case with a related action, originally filed by Wimbledon on July 30, 2015, in the Southern District of Texas, against Bergstein, Jerome Swartz ("Swartz"), Aaron Grunfeld ("Grunfeld"), and Kiarash Jam ("Jam"), and subsequently transferred to this Court. Dkt. 134; see The Wimbledon Fund, SPC (Class TT) v. Bergstein, No. 2:16-cv-2287-CAS (AJWx). The operative amended complaint was filed in that case on September 12, 2016, and in its complaint, Wimbledon sought a declaration that defendants were jointly and severally liable with SIP for losses suffered by Wimbledon on its loan of $17.7 million to SIP. See generally Dkt. 197 ("Tex. Compl."). These actions are collectively referred to as the consolidated matter.[1]

 Prior to suing the defendants in this action, Wimbledon had previously filed related lawsuits in New York state court. First, Wimbledon filed suit against SIP on February 8, 2013 alleging breach of contract. Dkt. 375 ("Op. Compl.") ¶ 37. The Supreme Court of the State of New York granted Wimbledon's motion for a default judgment on April 13, 2015, and on November 24, 2015, a judgment for $23,051,971.31 was entered against SIP. Id. ¶ 38. On October 1, 2013, Wimbledon and its affiliates also sued third-party defendants Albert Hallac, Keith Wellner, Weston Capital Asset Management, LLC and Weston Capital Management ("Weston"), and Societe Generale Private Banking Suisse ("SG Suisse") and others in the Supreme Court of the State of New York, alleging, *inter alia*, claims for breach of fiduciary duty, against multiple fiduciaries; aiding and abetting the breach of fiduciary duty; gross negligence; negligence; breach of contract; fraud; and

---

[1] On January 9, 2017, the Court stayed the consolidated matter, pending the resolution of a related criminal case against Bergstein in the Southern District of New York. Dkt. 29; see United States v. Bergstein, et al., No. 16-cr-746-PKC (S.D.N.Y.). On March 1, 2018, following a four-week trial, Bergstein was convicted on all counts—conspiracy to commit investment advisor fraud and securities fraud, two counts of securities fraud, conspiracy to commit wire fraud, and wire fraud—and remanded into custody at the Metropolitan Correctional Center in New York. See Dkt. 326, Declaration of Anthony R. Bisconti ¶ 4. On June 27, 2018, Bergstein was sentenced and judgment was entered in the criminal case. See United States v. Bergstein, et al., No. 16-cr-746-PKC (S.D.N.Y.); Dkt. 420. The counts on which Bergstein was convicted include fraudulent acts and statements he made in connection with Wimbledon's investment in SIP. Id. dkt. 396.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

negligent misrepresentation. See generally Op. Compl., Ex. 2 ("NY Compl."). In that complaint, Wimbledon alleged that third-party defendants Albert Hallac, Wellner, Weston, and SG Suisse grossly mismanaged an investment fund with over $100,000,000 under management by, *inter alia*, entering into the NPA with SIP. Id. ¶ 1. Hallac and the Weston companies were the investment managers of Wimbledon's Class TT portfolio, and Wellner was the Weston companies' Chief Operating Officer. Id. ¶ 4. SG Suisse served as the custodian of, and depository of, the Class TT portfolio's assets. Id. 18.

As noted above, in the consolidated action, Bergstein, Graybox, and Scher filed the operative amended third-party complaint (the "third-party complaint") on November 15, 2018 against the Weston companies, SG Suisse, Swiss Financial Services (Bahamas) LTD, Albert and Jeffrey Hallac (collectively, the "Hallacs"), and Wellner. See Op. Compl.[2] The third-party complaint arises out of a failed business relationship which allegedly originated in April 2011, when Bergstein first met with the Weston principals. Id. ¶ 54. They eventually negotiated various investments and monetary transfers, using funds from Wimbledon. Most pertinently, SIP and Wimbledon entered into the NPA on or about November 14, 2011, and the Weston companies negotiated the NPA on behalf of Wimbledon. Id. ¶¶ 69, 72. SG Suisse and Swiss Financial allegedly reviewed the documents, conducted due diligence, and certified the SIP note purchases to be "suitable" investments for Wimbledon. Id. ¶¶ 72–73.

The third-party complaint asserts claims for equitable indemnity against Weston, Wellner, the Hallacs, SG Suisse and Swiss Financial Services (Bahamas); contribution

---

[2] Previously, Graybox and Scher filed their initial third-party complaint on May 10, 2016, seeking indemnification or contribution from the Weston companies, SG Suisse, Swiss Financial Services (Bahamas) LTD, the Hallacs, and Wellner. Dkts. 133, 194. Graybox and Scher amended their complaint to include a claim for fraudulent misrepresentation on November 3, 2016. Dkt. 278. On September 15, 2016, Bergstein and Grunfeld filed separate, but substantially similar, third-party complaints seeking indemnification or contribution against the same third-party defendants named in Graybox and Scher's third-party complaint. Dkts. 204, 205. Graybox, Bergstein, and Scher have now combined their third-party complaints into a single joint complaint. For unstated reasons, Grunfeld, has not joined.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

against all defendants; fraudulent misrepresentation against the Hallacs, Wellner, and Weston; and negligent misrepresentation against SG Suisse. Id. ¶¶ 123–55. Most basically, third-party plaintiffs allege that they acted in good faith and in reliance on representations that third-party defendants had decision-making authority with respect to the investment of funds derived from Wimbledon, or otherwise had authority to control the transfer of Wimbledon's assets. Id. ¶ 3. Third-party plaintiffs claim that these representations led them to make the allegedly fraudulent transfers, which are at issue in the underlying Wimbledon actions. Id. ¶ 5. They also allege that, by late 2012, SIP had transferred more than $10 million to Weston company affiliates, at the direction of third-party defendants. Id. ¶¶ 79, 90, 106. Third-party plaintiffs thus contend that third-party defendants "have a duty to indemnify third-party plaintiffs for all damages incurred as a result of third-party defendants' wrongdoing, including, but not limited to, the entire amount of the Settlement payments and the costs to third-party plaintiffs of negotiating and performing under the Settlement Agreement in an amount to be proven at trial." Id. ¶ 138. Third-party plaintiffs also allege claims for fraudulent misrepresentation against Weston, the Hallacs, and Wellner, alleging that these third-party defendants knowingly made false representations regarding their authority to control and invest Wimbledon's funds. Id. ¶¶ 144–45. Third-party plaintiffs allege a claim against SG Suisse for negligent misrepresentation, contending that SG Suisse negligently approved the initial NPA entered into by SIP and Wimbledon. Id. ¶¶ 124, 150–52.

After filing their initial third-party complaints but before filing the operative amended third-party complaint, Bergstein, Graybox, Scher, Cascade, Swartz, Grunfeld, and the Law Offices of Henry N. Jannol, reached a Settlement Agreement with Wimbledon, which the Court approved on November 21, 2017. Id. ¶ 117. Pursuant to this agreement, Wimbledon dismissed its claims against the settling parties in exchange for $9.5 million. Id. ¶ 117. Pursuant to the Settlement Agreement, third-party plaintiffs do not admit liability. See Dkt. 386-1 ("SA"), Recitals ("[I]n entering into this Agreement, no party is conceding liability or fault of any and all claims[.]").

On December 20, 2018, SG Suisse filed a motion to dismiss the third-party complaint. Dkt. 380 ("SG MTD "). That same day, Wellner also filed a motion to dismiss, dkt. 381 ("W. MTD"), as did Weston and the Hallacs, dkt. 382 ("H. MTD"). On January 14, 2019, third-party plaintiffs filed oppositions to the three motions to dismiss. Dkts. 383 ("SG Opp'n"), 385 ("W. Opp'n"), 384 ("H. Opp'n"). SG Suisse, Wellner, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

the Hallac defendants filed reply briefs on February 11, 2019. Dkts. 394 ("SG Reply"), 393 ("W. Reply"), 395 ("H. Reply"). Third-party defendants contend that the third-party plaintiffs have failed to establish personal jurisdiction over the third-party defendants and that the third-party complaint fails to state claims for relief for equitable indemnification, contribution, fraud, or negligent misrepresentation. Having carefully considered the parties' arguments, the Court finds and concludes as follows.[3]

## II. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

---

[3] The Hallacs and Weston are not currently represented by counsel. Limited liability companies, such as Weston, may not represent themselves *pro se*. L.R. 83-2.2.2. However, because the motion was fully brief, argued, and then taken under submission before Weston's counsel withdrew, the Court finds that Weston's motion to dismiss is properly before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint dismissed under Rule 12 should be freely granted. Fed. R. Civ. P. 15(a). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)). However, a "court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III.   DISCUSSION

#### A.   Whether the Court May Exercise Personal Jurisdiction Over the Parties

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154–55 (9th Cir. 2006). "California's long-arm statute is co-extensive with federal standards, so a federal court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
|---|---|---|---|
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. In this case, the Court has already found that general personal jurisdiction does not apply. Dkt. 397 ("Feb. Order") at 16.

Although the third-party complaint alleged that third-party defendants' contacts with the forum state gave rise to third-party plaintiffs' claims, after the Hallacs provided sworn declarations which averred that they were not domiciled in California, and that they did not draft, negotiate, or execute the loan documents or make the monetary transfers at issue in this case in California, dkts. 382-1 ("A. Hallac Decl."), 382-2 ("J. Hallac Decl.") ¶¶ 2, 7–9, after Wellner submitted a declaration in which he denied participating in any of the events or activities associated with this case in the forum, dkt. 381-1 ("Wellner Decl.") ¶¶ 6–10, and after SG Suisse denied any involvement in the negotiation of the loan, the Court granted jurisdictional discovery, for a period not to exceed forty-five days, see Feb. Order at 27.

The parties did not complete jurisdictional discovery, and on April 12, 2019, third-party plaintiffs filed an ex parte application to extend the discovery period for another forty-five days. Dkt. 410. Notwithstanding their request to extend the period for jurisdictional discovery, third-party plaintiffs also filed a supplemental brief regarding the Court's ability to exercise personal jurisdiction over third-party defendants, along with supporting declarations and documents. See Dkts. 414, 414-1.[4] The documents which third-party plaintiffs have produced, and the depositions taken, demonstrate that third-

---

[4] Wellner opposed third-party plaintiffs' ex parte application on April 15, 2019, as did SG Suisse. Dkts. 411, 412. Wellner and SG Suisse also filed supplemental briefs, which argued that the Court could not exercise personal jurisdiction over them. Dkts. 418, 419.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

party defendants had numerous contacts with the forum at the time in issue. However, they do not show whether these contacts relate to the activities that allegedly gave rise to third-party plaintiffs' claims. See Schwarzenegger, 374 F.3d at 802 (specifying that specific jurisdiction is only appropriate where claims "arise[] out of or relate[] to the defendant's forum-related activities").

The law is clear, however, that "[w]here the jurisdictional facts are 'intertwined with the merits of the action,' determination of the jurisdictional issue may determine the merits of the action," and in such circumstances, it is "preferable" for courts to defer a final jurisdictional ruling until trial. Judge Virginia A. Phillips et al., Fed. Civ. Pro. Before Trial §§ 9:122–24 (The Rutter Group, April 2019) (quoting Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 n.2 (9th Cir. 1977)). Given the nature of third-party plaintiffs' allegations, the Court finds that the jurisdictional facts in this case are "intertwined with the merits of the action," which indicates that it is "preferable that this [jurisdictional] determination be made at trial." Data Disc, 557 F.2d at 1285 n.2; see also Madsen v. Buffum, No. 12-01605-MWF (SPx), 2013 WL 12139139, at *4 (C.D. Cal. July 17, 2013) (deferring until trial, questions about personal jurisdiction because "[p]laintiffs' claims for intentional/negligent interference [were] essentially coextensive with their jurisdictional allegations"). Third-party plaintiffs' request to extend the period for jurisdictional discovery is therefore denied as moot, and the Court will proceed to the merits of third-party plaintiffs' claims.

### B. Third-Party Plaintiffs' Claims for Equitable Indemnification and Contribution

#### i. Equitable Indemnification

Third-party plaintiffs seek equitable indemnification for the claims brought against them by Wimbledon. These include the claim for breach of contract resulting in the judgment against SIP, for which Wimbledon sought to hold Bergstein, Swartz, Grunfeld and Jam jointly and severally liable under veil piercing theories, and for the fraudulent transfer claims against Graybox and Scher. Although third-party plaintiffs have now settled their claims with Wimbledon, they claim that third-party defendants should indemnify them for the entire amount of the settlement payments, as well as for the costs incurred in negotiating and performing under the Settlement Agreement, and in defending themselves in this suit. Op. Compl. ¶ 138. Third-party plaintiffs allege that the Hallacs,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

Wellner, and Weston wrongfully "instructed," "directed," or "authorized" SIP to make payments to the third-party plaintiffs. Id. ¶¶ 125–34. Third-party plaintiffs claim that they "were innocent transferees without knowledge of third-party defendants' wrongdoing" and that their payments were "received in good faith to satisfy the obligations of Weston or a company controlled and/or owned by Weston." Id. ¶ 135.

Third-party defendants move to dismiss this claim on multiple grounds, which are all centered on the proposition that "unless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity." H. MTD at 13 (quoting Yamaha Motor Corp. v. Paseman, 219 Cal. App. 3d 958, 964 (1990)); SG MTD at 11; W. MTD at 15. In response, third-party plaintiffs cite no case law, and fail to identify an instance in which a court granted equitable indemnification for a fraudulent transfer claim, or for a breach of contract claim. Instead, they argue that "[d]espite the underlying claims being settled between Wimbledon and third-party plaintiffs, this lawsuit is only at the very beginning and continues to advance to the ultimate question of liability—liability that third-party plaintiffs plausibly plead falls squarely on the third-party defendants." H. Opp'n at 17; see also W. Opp'n at 15.

"The common law equitable indemnity doctrine relates to the allocation of loss among multiple tortfeasors. The duty to indemnify may arise and indemnity may be allowed when in equity and good conscience the burden of a judgment should be lifted from a person seeking indemnity to one from whom indemnity is sought." Fireman's Fund Ins. Co. v. Haslam, 29 Cal. App. 4th 1347, 1353 (1994). "The doctrine applies only among defendants who are jointly and severally liable to the plaintiff." BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc., 119 Cal. App. 4th 848, 852 (2004). Still, "joint and several liability in the context of equitable indemnity is fairly expansive. . . . It can apply to acts that are concurrent or successive, joint or several, as long as they create a detriment caused by several actors." Id. While implied contractual liability can provide a basis for joint and several liability, joint and several liability generally stems from a duty that the indemnitor owes the plaintiff. See 5 Witkin, Summary of Cal. Law (11th) Torts § 225 (2018). Equitable indemnity need not be premised on identical claims alleged against joint and several tortfeasors; rather, "[t]he claims must relate to the same legal injury, but do not have to be identical claims." Employers Ins. of Wausau v. Musick, Peeler, & Garrett, 948 F. Supp. 942, 944 (S.D. Cal. 1995) (citing Molko v. Holy Spirit Assn., 46 Cal.3d 1092, 1127–28 (1988)). However, intentional tortfeasors may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

generally only seek equitable indemnity from other concurrent intentional tortfeasors. In re First All. Mortg. Co., 471 F.3d 977, 1005 (9th Cir. 2006) (citing Baird v. Jones, 21 Cal. App. 4th 684, 688 (1994)). In addition, the fact that one joint tortfeasor has reached a settlement agreement with the plaintiff does not preclude that tortfeasor from seeking indemnification from another joint tortfeasor. LaBarge v. Mariposa Cty., 798 F.2d 364, 366 (9th Cir. 1986) (citing Sears, Roebuck & Co. v. International Harvester Co., 82 Cal. App. 3d 492, 497 (1978)) ("Even a settling joint tortfeasor may pursue his right of equitable indemnity against other joint tortfeasors.").

California courts have held that a party cannot seek equitable indemnification for breach of contract claims. BFGC Architects, 119 Cal. App. 4th at 853 ("Without any action sounding in tort, there is no basis for a finding of potential joint and several liability on the part of defendants, thereby precluding a claim for equitable indemnity."); see also In re Med. Capital Sec. Litig., 842 F. Supp. 2d 1208, 1215 (C.D. Cal. 2012) (concluding that under California law, equitable indemnification is not available for breach of contract). Accordingly, to the extent that third-party plaintiffs seek equitable indemnification for Wimbledon's breach of contract liability, the claim is **DISMISSED**.

The parties cite, and the Court is aware of, no cases in which a party successfully pursued equitable indemnification for liability arising from a fraudulent transfer, and the Court concludes that it is unavailable. Indeed, equitable relief is generally unavailable for fraudulent transfer claims. See 8 Witkin, Cal. Procedure (5th) § 481 (2008) ("Equity will not relieve the transferor, or those in privity with the transferor, from the consequences of the fraudulent act."); Saint v. Saint, 120 Cal. App. 15, 22 (Cal. Ct. App. 1932) ("No rule of law is more strictly adhered to than the rule that equity will not lend its aid to establish a trust or enforce a contract which is tainted with fraud."). Accordingly, "he who executes a conveyance of property for the purpose of hindering, delaying, or defrauding his creditors cannot by an action in equity obtain a reconveyance from his grantee, nor can any one claiming under him, except an innocent purchaser." Tognazzi v. Wilhelm, 6 Cal. 2d 123, 125 (1936) (quoting Saint, 120 Cal. App. 15 at 22). "Where it appears that plaintiff has intended to defraud another a court of equity will apply the doctrine of unclean hands, and leave the plaintiff in the position in which he is situated when he seeks the assistance of the court." Rosenfeld v. Zimmer, 116 Cal. App. 2d 719, 722 (1953).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

For this reason, the court in In re Glob. Health Sciences, No. 04-CV-01486 TJH, 2008 WL 3851934 (C.D. Cal. Aug. 14, 2008), denied a claim for equitable indemnification with regard to liability arising out of fraudulent transfers. The court explained that "[i]f a transaction before a court of equity is tainted with fraud, the court has a duty to investigate whether fraud is present and should apply the doctrine of unclean hands if, after investigating, the Court uncovers evidence of fraud in the transaction." Id. at *5 (citing Rosenfeld, 116 Cal. App. 2d at 722). Because the court found "evidence of fraud in the transaction," and because "the doctrine of unclean hands is a complete defense to the claims of a party seeking equitable relief," the court denied the cross-claimant's claim for equitable indemnification. Id.

Here, too, the Court finds that third-party plaintiffs may not seek equitable indemnification for their liability arising out of Wimbledon's fraudulent transfer claims. Third-party plaintiffs entered into the Settlement Agreement with Wimbledon without admitting liability. See SA, Recitals ("[I]n entering into this Agreement, no party is conceding liability or fault for any and all claims[.]"). Accordingly, on the record before it, the Court cannot find that third-party plaintiffs admittedly engaged in fraud, which would bar any equitable relief. In re Glob. Health Scis., 2008 WL 3851934, at *5.[5] However, entering into a settlement does not alter the usual rule which precludes equitable indemnification for fraudulent transfer claims. Accordingly, the Court **DISMISSES** third-party plaintiffs' claim for equitable indemnity with prejudice.

### ii. Contribution

While third-party plaintiffs allege that, "to the extent that third-party plaintiffs are found liable to Wimbledon and are found not to be entitled to full and complete indemnification . . . , third-party plaintiffs are nonetheless entitled to contribution from third-party defendants," the Court disagrees. Op. Compl. ¶ 142. California previously followed the common law doctrine that denied contribution between joint and/or

---

[5] The Court notes, however, that a jury convicted Bergstein of conspiracy to commit investment advisor fraud and securities fraud, two counts of securities fraud, conspiracy to commit wire fraud, and wire fraud in the related criminal matter—which involved the SIP investment scheme. See United States v. Bergstein, et al., No. 16-cr-746-PKC (S.D.N.Y.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

concurrent tortfeasors. River Garden Farms, Inc. v. Superior Court, 26 Cal. App. 3d 986, 990 (Ct. App. 1972). However, in 1957, the legislature enacted California Code of Civil Procedure §§ 875–880, which allow for contribution in limited circumstances. 5 Witkin, Summary of Cal. Law (11th) Torts § 215 (2018). Importantly, however, "Section 875 establishes a right of *post-judgment* contribution among negligent tortfeasors held liable by a single judgment." River Garden Farms, 26 Cal. App. 3d at 990 (emphasis added); see also Cal. Proc. Civ. Code §§ 881 et seq. (West) (establishing the same rule for joint judgment debtors other than joint tortfeasors). Accordingly, "[a] right of contribution can come into existence only after rendition of a judgment declaring more than one defendant jointly liable to the plaintiff." Coca-Cola Bottling Co. v. Lucky Stores, Inc., 11 Cal. App. 4th 1372, 1378–79 (1992). Courts have thus held that a plaintiff cannot state a claim for contribution until after the issuance of a money judgment rendered jointly against the defendants in question. See General Electric Co. v. State of Cal. ex rel. Dept. Pub. Wks., 32 Cal. App. 3d 918, 925 (1973) (dismissing a claim for contribution where a money judgment had not been entered because "the condition of this statute—a money judgment rendered jointly against two or more defendants—must exist before either may assert a right to contribution from the other"); see also State Ready Mix, Inc. v. Moffatt & Nichol, 232 Cal. App. 4th 1227, 1235 n.4 (2015); In re Med. Capital Sec. Litig., 842 F. Supp. 2d at 1215; Gonzalez v. Nefab Packaging, Inc., No. LA-CV-13-04499-JAK (SSx), 2013 WL 12321976, at *7 (C.D. Cal. Oct. 30, 2013), aff'd, 637 F. App'x 310 (9th Cir. 2016).[6]

---

[6] In Bolamperti v. Larco Mfg., 164 Cal. App. 3d 249 (Ct. App. 1985), the California Court of Appeal suggested that a settling joint-tortfeasor could pursue a right to contribution, as well as a right to equitable indemnification. Id. at 253 ("Allowing the settling defendant to assert his right of contribution against other concurrent tortfeasors effectuates the policy of equitable apportionment of the loss among them.") (quoting Sears, Roebuck & Co. v. Int'l Harvester Co., 82 Cal. App. 3d 492, 496 (Ct. App. 1978)). However, the issue presented in Bolamperti was "whether a joint tortfeasor, who has entered into a good faith settlement pursuant to Code of Civil Procedure section 877.6, can thereafter pursue a cause of action for indemnity against a non-settling joint tortfeasor." Id. at 251. The case has been cited only for the rule that a settling defendant may seek equitable indemnification. See Far W. Fin. Corp. v. D & S Co., 46 Cal. 3d 796, 801 (1988) ("It is clear under existing precedent that [the settling defendant] had the right

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

Here, there has been no judgment entered against third-party plaintiffs and defendants, holding them jointly liable. Instead, third-party plaintiffs have settled their claims with Wimbledon. Accordingly, "[g]iven that [plaintiff] and [third-party plaintiffs] settled their claims, there was no judgment entered against [third-party plaintiff] on [these] claim[s] and there can never be any such judgment since the original lawsuit has been dismissed. Thus, [third-party plaintiffs are] not entitled to contribution from [third-party defendant] as a matter of law." Mossimo Holdings, 2017 WL 1240739, at *8 (granting summary judgment in favor a third-party defendant because there was no judgment entered against the third-party plaintiff and defendant) (citing Gen. Elec. Co., 32 Cal. App. 3d at 925–26). Accordingly, third-party plaintiffs' claim for contribution is also **DISMISSED** with prejudice.

### C. Third-Party Plaintiffs' Claims for Fraudulent Misrepresentation and Negligent Misrepresentation

Third-party defendants also move to dismiss third-party plaintiffs' claims for fraudulent misrepresentation and negligent misrepresentation.

As a preliminary matter, third-party plaintiffs' claim for negligent misrepresentation, alleged against SG Suisse, must be dismissed because third-party plaintiffs improperly added the claim without leave of Court. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or within twenty-one days after a responsive pleading or Rule 12(b), (e), or (f) motion has been filed, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). On

---

to continue to seek indemnification in this manner.") (citing Sears, Roebuck & Co.., 82 Cal. App. 3d at 496; Bolamperti, 164 Cal. App. 3d at 255). In the years since Bolampetri, California Courts of Appeal have repeatedly held that a judgment is necessary to assert a right to contribution, see Coca-Cola Bottling, 11 Cal. App. 4th at 1378–79; State Ready Mix, 232 Cal. App. 4th at 1235 n.4, and the federal courts have adopted this rule, see, e.g., In re Med. Capital Sec. Litig., 842 F. Supp. 2d at 1215; Gonzalez, 2013 WL 12321976, at *7; Mossimo Holdings, LLC v. Haralambus, No. CV 14-05912 DDP (JE), 2017 WL 1240739, at *8 (C.D. Cal. Apr. 4, 2017) aff'd, 735 F. App'x 383 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

September 25, 2018, after third-party plaintiffs submitted proposed amendments to their original third-party complaints and requested the Court to permit them "to amend to enter the attached proposed draft Amended Complaints," see dkt. 364, Ex. A, B, C, the Court granted third-party plaintiffs leave to amend, dkt. 372. However, at that time, third-party plaintiffs did not allege, nor propose alleging, a claim for negligent misrepresentation against SG Suisse, and the Court did not grant third-party plaintiffs leave to file entirely new claims. Accordingly, the claim for negligent misrepresentation must be dismissed. See Benton v. Baker Hughes, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) (Morrow, J.), aff'd sub nom. Benton v. Hughes, 2015 WL 7732183 (9th Cir. Dec. 1, 2015) (noting that "[t]he addition of [plaintiff's] new claims . . . exceed[ed] the scope of the leave to amend granted [in the court's order dismissing plaintiff's complaint]" and therefore "it is appropriate to strike the newly added claims on this basis"); see also Yau v. Duetsche Bank Nat. Trust Co. Americas, 2011 WL 8326579, at *2 (C.D. Cal. Aug. 31, 2011) ("In order to assert claims [in the second amended complaint] that were not asserted in the FAC, Plaintiffs would have had to obtain Defendants' consent or the Court's leave ... Plaintiffs did not do so. Accordingly, the [additional] claims are dismissed without prejudice."). Federal Rule of Civil Procedure 21 also permits a Court to dismiss a claim as to any party if the Court finds that joinder is not proper. Fed. R. Civ. P. 21. ("The court may also sever any claim against a party."); see Valdez v. Saxon Mortg. Servs., Inc., No. 2:14-CV-03595-CAS, 2014 WL 7968109, at *6 (C.D. Cal. Sept. 29, 2014).

Both claims are also time-barred. Claims for fraudulent misrepresentation are subject to a three-year statute of limitations, Cal. Civ. Proc. Code § 338(d) (West), whereas claims for negligent misrepresentation, predicated on professional negligence, are subject to a two-year statute of limitations, see Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc., 115 Cal. App. 4th 1145, 1155 (2004) (citing Cal. Code Civ. Pro. § 339). The statute of limitations generally runs from the time the "last element" of the alleged misconduct occurs. El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1039 (9th Cir. 2003) (citing April Enter., Inc. v. KTTV and Metromedia, Inc., 147 Cal. App. 3d 805, 825 (1983)). However, a cause of action for fraudulent misrepresentation does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 347 (Cal. Ct. App. 2008). Under the discovery rule, a plaintiff seeking to avoid the statute of limitations must plead with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

particularity facts showing the plaintiff's "inability to have made earlier discovery despite reasonable diligence." Camsi IV v. Hunter Tech. Corp., 230 Cal. App. 3d 1525, 1536–37 (1991); Yumul v. Smart Balance, Inc., 733 F. Supp. 2d 1134, 1141 (C.D. Cal. 2010) (dismissing a complaint, under California law, because plaintiff failed to allege facts to invoke the discovery rule). Although plaintiffs must act diligently to invoke the discovery rule, diligence does not mean investigating any and all potential wrongdoing. A "plaintiff is not barred because the means of discovery were available at an earlier date provided he has shown that he was not put on inquiry by [the] circumstances." Hobart v. Hobart Estate Co., 26 Cal. 2d 412, 439 (1945).

The events and conversations at issue in this action occurred throughout 2011 and 2012. Graybox and Scher did not file claims for fraudulent misrepresentation until November 3, 2016. Dkt. 278. Bergstein filed a claim for fraudulent misrepresentation for the first time on November 15, 2018, at which time all parties amended their third-party complaint to allege negligent misrepresentation against SG Suisse. Third-party plaintiffs plead no facts that explain their delay in alleging these claims, nor do they allege that, despite their diligence, they were unable to discover facts regarding the alleged conduct giving rise to claims for misrepresentation at issue in this case. To the contrary, third-party plaintiffs state that they learned of third-party defendants' alleged misrepresentations when Wimbledon sued SIP for breach of contract, which occurred in February 2013. Op. Compl. ¶¶ 37, 103–04. As third-party plaintiffs allege,

> [i]n the Complaint, Wimbledon, to third-party plaintiffs' complete surprise, for the first time claimed that Weston was actually not authorized to direct or authorize the transactions and transfers referred to in the Complaint and that Weston, through Albert, Jeffrey, and Wellner, fraudulently and in breach of Weston's fiduciary duties to Wimbledon, directed or instructed SIP to repay the sums advanced by Graybox on behalf of Pineboard under the Graybox/PBH Services Agreement.

Id. ¶ 104. The third-party complaint also discusses Wimbledon's suit against Weston, Wellner, the Hallacs, and SG Suisse, which was filed in October 2013. See id. ¶ 60, 124–25. A copy of that complaint is also attached, as an exhibit, to third-party plaintiffs' complaint. See id., Ex. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (SSx); C/W: 2:16-cv-2287-CAS(SSx) | Date | June 6, 2019 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

Because third-party plaintiffs fail to allege facts that support a basis to toll the statute of limitations, the Court finds that these claims are time-barred.[7] Third-party plaintiffs' claim for fraudulent misrepresentation is thus **DISMISSED** with leave to amend to allege facts that demonstrate that the claim is not time-barred. Since third-party plaintiffs failed to seek leave of Court before alleging their claim for negligent misrepresentation against SG Suisse, the Court **DISMISSES** that claim without prejudice.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby **DISMISSES** third-party plaintiffs' claims for equitable indemnification and contribution ***with prejudice.***

The Court also **DISMISSES** third-party plaintiffs' claim for negligent misrepresentation ***without prejudice.***

Third-party plaintiffs' claim for fraudulent misrepresentation is **DISMISSED** ***with leave to amend.*** Third-party plaintiffs may amend their allegations to allege facts that demonstrate that this claim is not time-barred, and their amended complaint is due within **fourteen (14) days** of the date of this order.

Third-party plaintiffs' ex parte application is **DENIED** as moot.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[7] Because the Court rules that third-party plaintiffs' claims are barred by the statute of limitations, the Court does not reach third-party defendants' additional argument that third-party plaintiffs fail to plead fraud with the level of particularity required by Federal Rule of Civil Procedure 9(b).